UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDRE O'NEAL,

        Plaintiff,

v.                               Case No. 18-cv-685-pp

MILWAUKEE WISCONSIN
US DEPARTMENT OF JUSTICES,
AGENT WENDY OSBURN and
INDIANAPOLIS FBI,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

This is the fourth of four complaints that the plaintiff—representing himself—has filed in this court in the course of a month. In the first three complaints, the plaintiff described visiting various federal agencies in Milwaukee (the FBI, the U.S. Marshals Service and the U.S. Attorney's Office), trying to get someone to investigate crimes he allegedly witnessed, and to get someone to provide him victim protection and compensation. Case Nos. 18-cv-536, 18-cv-548, 18-cv-684 and 18-cv-685. In this complaint, the plaintiff alleges that it is defendant Osburn who covered up and obstructed the crimes he says he witnessed. Id. at 3. He seeks $50,000,000,000 in damages. Dkt. No. 1 at 4. Although the plaintiff has established that he cannot afford the filing fee, the court will dismiss his case for failure to state a claim.

1

## I. Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee (Dkt. No. 2)

The court may allow a litigant to proceed without prepayment of the filing fees if two conditions are met: (1) the litigant is unable to pay the filing fee; and (2) the case is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a) and (e)(2).

### A. Plaintiff's Ability to Pay the Filing Fee (Dkt. No. 2)

The plaintiff states that he is unemployed, single, and has a fifteen-year-old son for whom he provides no financial support. In contrast to the affidavits he submitted in his first three cases, the plaintiff now reports a "DHS benefit food card & medical" of $192 per month. Dkt. No. 2 at 2. He continues to report no expenses or property of value. Under the section labeled "other circumstances," the plaintiff claims to have been locked out of his business account, and says that his business has been stolen because of whistle blower cases over the last ten years. Id. at 4. It is unlikely that the plaintiff has no expenses—even if he lives with someone who pays the bills, he likely has some obligations. Given the other problems with the case, however, the court will accept the plaintiff's claim that he can't pay the filing fee.

### B. Screening

#### 1. *Legal Standard*

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

        2.     *Facts Alleged in the Plaintiff's Complaint*

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015).

The form used by the plaintiff to file his complaint asks the plaintiff to provide a statement of the claim identifying who violated his rights, what each defendant did, when they did it, where it happened and why it happened. Dkt. No. 1 at 2. In this complaint, the plaintiff alleges:

> Violations US Code 42, 28, 18 & Title 5 color of laws & Amendment 6 Us code 18 sections 3771 & 248 Discriminations & conspiracy against rights &depraved constitution laws and civil rights Domestic Terrorist Hate Crimes & Concealing a Homicide Death &Attempted murders Target individual Gang Stalking & Cyber Gang Stalking & White Collar crimes Wiretapping & obstructing investigation & obstructions of justice & Impersonateing Government Call tip line & government operator Us Department of Justices Government Supervisor FBI & Homeland Security & Secret Service & Cia & Government Public Access line & Government Salite offices in othesr state State prosecutor city attorney & Prosecutor & International

4

> Crime Organizer Racketeering Influenced and Corrupt Organizations & Fraudulent misrepresentation Unauthorized use of Government Position & Property& Equipment Misuse of Government Resources & False informing & illegal microchip implants chipping & Rf-ID bugs Gps Radio Frequency activity & locator 2010-2018.

Dkt. No. 1 at 3.

The plaintiff then goes on to say that he has reported "her Agent Misconduct . . . at the Indianapolis Fbi offices & other Agent & Us Attorney & Prosecutor & Judges & Mayor &Us Marshal," and says that "she has bribery in illegal surveillance and illegal entrapments in obstruction of justices." Id. The court assumes (although it is not entirely clear) that by "her," the plaintiff means defendant Osburn. He says that she has helped "her Crooked Informants break Federal and state laws." Id. He lists a number of names—perhaps these are alleged crooked informants, or other agents or officers; he does not say. Id. He mentions obstructing investigations and discrimination against him, his family and his brother. Id. He says that "she" has been the crooked agent of a serial killer, to cover up the killer's 2008-2018 crimes against him, his brother and two other individuals. Id. He says that "she" has stalked him. Id.

### 3. *Analysis*

To bring a lawsuit in federal court, the plaintiff must either present facts that would show a violation of federal law or the federal constitution or he must sue a citizen of a different state for an amount that exceeds $75,000. 28 U.S.C. §§1331, 1332. The plaintiff makes many accusations against someone he identifies as "she," or "her," but presents no facts at all in support of these

accusations—it is not even clear that he is making the accusations against Osburn. A plaintiff cannot simply file a complaint hurling unsupported accusations at someone; the plaintiff must state specific facts that show that that person has violated federal laws or the federal constitution. The plaintiff has not done that here.

The complaint contains no facts that relate to the Milwaukee, Wisconsin Department of Justice or the Indianapolis FBI. In analyzing the three prior complaints, the court speculated that the plaintiff may be attempting to bring a Bivens action for the deprivation of constitutional rights under color of federal authority. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). He cannot bring a Bivens action against the U.S. Department of Justice or the Indianapolis FBI, however, because Bivens is limited to claims against individual federal officers; it does not extend to federal agencies. F.D.I.C. v. Meyer, 510 U.S. 471, 473 (1994).

The complaint does not state sufficient facts to allow the plaintiff to proceed on any claims against the individual or the agencies he has named, and the court must dismiss his complaint.

## II. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without prepayment

of the filing fee. Dkt. No. 2. The court **DISMISSES** this case without prejudice for failure to state a claim.

Dated in Milwaukee, Wisconsin this 11th day of June, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**